http://www.va.gov/vetapp16/Files4/1630474.txt

Citation Nr: 1630474 
Decision Date: 07/29/16 Archive Date: 08/04/16

DOCKET NO. 13-20 537 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Milwaukee, Wisconsin

THE ISSUE

Entitlement to an increased rating for bilateral hearing loss disability, currently evaluated as 10 percent disabling.

REPRESENTATION

Appellant represented by: Larry Schuh, Attorney

WITNESSES AT HEARING ON APPEAL

Appellant and Appellant's Spouse

ATTORNEY FOR THE BOARD

Brandon A. Williams, Associate Counsel

INTRODUCTION

The Veteran had active military service from September 1972 until June 1976.

This matter comes before the Board of Veterans' Appeals (Board) from a February 2012 rating decision of the Department of Veterans Affairs (VA), Regional Office (RO) in Milwaukee, Wisconsin. The claim was remanded in December 2015 for further development. Specifically, the December 2015 remand instructed the RO to obtain a VA medical examination to assess the severity of the Veteran's bilateral hearing loss disability. A review of the claims folder reflects that the RO has complied by providing the Veteran with an examination in February 2016 and subsequently issuing a supplemental statement of the case (SSOC).

In November 2015, the Veteran was provided a Board hearing, via video conference, before the undersigned Veterans Law Judge. The hearing transcript has been reviewed and is associated with the claims folder.

FINDINGS OF FACT

1. The Veteran's right ear hearing loss disability has been clinically shown to be manifested by no worse than Level IV hearing impairment.
 
2. The Veteran's left ear hearing loss disability has been clinically shown to be manifested by no worse than Level III hearing impairment.

CONCLUSION OF LAW

The criteria for an increased rating in excess of 10 percent, for the Veteran's bilateral hearing loss disability have not been met. 38 U.S.C.A. §§ 1155, 5103, 5103A, 5107(b) (West 2014); 38 C.F.R. §§ 3.102, 3.321, 4.85, Diagnostic Code 6100 (2015).

REASONS AND BASES FOR FINDINGS AND CONCLUSION

VA has duties to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126; 38 C.F.R. §§ 3.102, 3.156(a), 3.159 and 3.326(a). See also Pelegrini v. Principi, 18 Vet. App. 112 (2004); Quartuccio v. Principi, 16 Vet. App. 183 (2002); Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006); Dingess v. Nicholson, 19 Vet. App. 473 (2006). Notice was provided in October 2011. 

This appeal arises from the Veteran's disagreement with initial evaluations following the grant of service connection for bilateral hearing loss disability. Once service connection is granted the claim is substantiated, additional notice is not required, and any defect in the notice is not prejudicial. Hartman v. Nicholson, 483 F.3d 1311 (Fed. Cir. 2007); Dunlap v. Nicholson, 21 Vet. App. 112 (2007). 

VA has a duty to assist the Veteran in the development of the claim. The claims file includes medical records, and the statements of the Veteran in support of his claim. The Board has considered the statements and perused the medical records for references to additional treatment reports not of record, but has found nothing to suggest that there is any outstanding evidence with respect to the Veteran's claim for which VA has a duty to obtain. 

A VA examination was obtained in February 2016. When VA undertakes to provide a VA examination or obtain a VA opinion, it must ensure that the examination or opinion is adequate. Barr v. Nicholson, 21 Vet. App. 303, 312 (2007). The Board finds that the Veteran has been afforded an adequate VA examination. The report includes a clinical examination, diagnostic testing, and the Veteran's reported symptoms. The reports provide findings relevant to the criteria for rating the disability at issue. Nieves-Rodriguez v. Peake, 22 Vet App 295 (2008), Monzingo v. Shinseki, 26 Vet. App. 97, 106 (2012) (citing Acevedo v. Shinseki, 25 Vet. App. 286, 294 (2012). Martinak v. Nicholson, 21 Vet. App. 447 (2007).

Based on the foregoing, the Board finds that all relevant facts have been properly and sufficiently developed in this appeal and no further development is required to comply with the duty to assist the Veteran in developing the facts pertinent to the claims. Essentially, all available evidence that could substantiate the claim has been obtained.

Rating Disabilities in general

Disability evaluations are determined by comparing a Veteran's present symptomatology with criteria set forth in VA's Schedule for Rating Disabilities, which is based on average impairment in earning capacity. 38 U.S.C.A. § 1155 (West 2014); 38 C.F.R. Part 4 (2015). When a question arises as to which of two ratings applies under a particular diagnostic code, the higher evaluation is assigned if the disability more closely approximates the criteria for the higher rating. Otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7. After careful consideration of the evidence, any reasonable doubt remaining is resolved in favor of the Veteran. Id. § 4.3. 

Further, a disability rating may require re-evaluation in accordance with changes in a Veteran's condition. It is thus essential in determining the level of current impairment that the disability is considered in the context of the entire recorded history. Id. § 4.1. Nevertheless, the present level of disability is of primary concern. Francisco v. Brown, 7 Vet. App. 55, 58 (1994). The Board notes that staged ratings are appropriate for an increased-rating claim when the factual findings show distinct time periods where the service-connected disability exhibits symptoms that would warrant different ratings. Hart v. Mansfield, 21 Vet. App. 505 (2007).

Rating hearing loss 

Disability ratings for hearing loss are derived by a mechanical application of the rating schedule to the numeric designations assigned after audiometric evaluations are performed. See Lendenmann v. Principi, 3 Vet. App. 345, 349 (1992). Hearing loss disability evaluations range from noncompensable to 100 percent based on organic impairment of hearing acuity, as measured by controlled speech discrimination tests in conjunction with the average hearing threshold, as measured by pure tone audiometric tests in the frequencies 1,000, 2,000, 3,000 and 4,000 cycles per second. 

The rating schedule establishes 11 auditory acuity levels designated from Level I for essentially normal hearing acuity, through Level XI for profound deafness. VA audiometric examinations are conducted using a controlled speech discrimination test together with the results of a pure tone audiometric test. The horizontal lines in Table VI (in 38 C.F.R. § 4.85) represent nine categories of the percentage of discrimination based on the controlled speech discrimination test. The vertical columns in Table VI represent nine categories of decibel loss based on the pure tone audiometric test. The numeric designation of impaired hearing (Levels I through XI) is determined for each ear by intersecting the horizontal row appropriate for the percentage of discrimination and the vertical column appropriate to the pure tone decibel loss.

The percentage evaluation is found from Table VII (in 38 C.F.R. § 4.85 ) by intersecting the horizontal row appropriate for the numeric designation for the ear having the better hearing acuity and the appropriate vertical column to the numeric designation level for the ear having the poorer hearing acuity. See 38 C.F.R. § 4.85(e) (2015). 

The provisions of 38 C.F.R. § 4.86(a) provide that when the pure tone threshold at each of the four specified frequencies (1000, 2000, 3000, and 4000 Hertz ) is 55 decibels or more, the rating specialist will determine the Roman numeral designation for hearing impairment from either Table VI or Table VIA, whichever results in the higher numeral. Each ear will be evaluated separately. The provisions of 38 C.F.R. § 4.86(b) provide that when the pure tone threshold is 30 decibels or less at 1,000 hertz, and 70 decibels or more at 2,000 hertz, the rating specialist will determine the Roman numeral designation for hearing impairment from either Table VI or Table VIA, whichever result provides the higher numeral. That numeral will then be elevated to the next higher Roman numeral. Each ear will be evaluated separately.

Analysis

The Board has reviewed all of the evidence in the Veteran's claims file, with an emphasis on the medical evidence for the issues on appeal. Although the Board has an obligation to provide reasons and bases supporting this decision, there is no need to discuss, in detail, the extensive evidence of record. Indeed, the Federal Circuit has held that the Board must review the entire record, but does not have to discuss each piece of evidence. Gonzales v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000). Therefore, the Board will summarize the relevant evidence where appropriate, and the Board's analysis below will focus specifically on what the evidence shows, or fails to show, as to the claim.

The Veteran is service connected for bilateral hearing loss disability evaluated as 10 percent disabling. The pertinent competent clinical evidence of record includes a February 2016 VA medical examination which reflects that the Veteran's relevant pure thresholds, in decibels, were as follows:

HERTZ

1000
2000
3000
4000
RIGHT
20
40
40
60
LEFT
15
30
70
70

On the basis of the numbers shown above, the Veteran's pure tone threshold average for the right ear was recorded as 40 decibels. His pure tone threshold average for the left ear was recorded as 46 decibels. His speech recognition ability was 72 percent for the right ear and 80 percent for the left ear using the Maryland CNC speech recognition test. 

Applying 38 C.F.R. § 4.85, Table VI to the February 2016 VA audiogram examination, the Veteran's right ear hearing loss is a Level IV impairment. The Veteran's left ear hearing loss is Level III impairment.

Applying the criteria from Table VI to Table VII, a 10 percent evaluation is derived from Table VII of 38 C.F.R. § 4.85 by intersecting row III with column IV.

Based on the above criteria, an increased rating in excess of 10 percent for bilateral hearing loss disability is not warranted.

The claims folder contains a private audiometry report that was received by VA in April 2015. The December 2015 remanded instructed the RO to have a VA audiologist to determine whether the private audiogram used the Maryland CNC test, as the Board found the report to be unclear in that regard. When a private examination report is "unclear" or "not suitable for rating purposes" and the information "reasonably contained in the report otherwise cannot be obtained, VA has a duty to ask the private examiner to clarify the report, or the Board must explain why such clarification was not needed." Savage v. Shinseki, 24 Vet. App. 259 (2011). The holding was limited "to those instances in which the missing information is relevant, factual, and objective - that is, not a matter of opinion - and where the missing evidence bears greatly on the probative value of the private examination report." Id. Complying with the December 2015 remand, the RO obtained clarification from the August 2014 private examiner, which noted the word list used for the audiometric testing was identified as NU-6 List Form A. (See January 2016 correspondence). Further, the RO correctly noted that the August 2014 examination was conducted by a hearing instrument specialist, rather than a state-licensed audiologist. Based on the above, the Board finds the August 2014 audiometry report to be of no probative value as the examination was not conducted by a state-licensed audiologist and did not contain a Maryland CNC controlled speech discrimination test. 38 C.F.R. § 4.85(a).

Extraschedular 

Ordinarily, the VA Schedule will apply unless there are exceptional or unusual factors which would render application of the schedule impractical. See Fisher v. Principi, 4 Vet. App. 57, 60 (1993). An extra-schedular disability rating would be warranted based upon a finding that the case presents such an exceptional or unusual disability picture with such related factors as marked interference with employment or frequent periods of hospitalization that would render impractical the application of the regular schedular standards. See Thun v. Peake, 22 Vet. App. 111 (2008). 38 C.F.R. § 3.321(b)(1).

The decibel loss and speech discrimination ranges designated for each level of hearing impairment in Tables VI and VIA were chosen in relation to clinical findings of the impairment experienced by veterans with certain degrees and types of hearing disability. In support of this finding, the Board points to the regulatory history of 38 C.F.R. §§ 4.85 and 4.86. The rating criteria for hearing loss were last revised, effective June 10, 1999. See 64 Fed. Reg. 25206 (May 11, 1999). In forming these revisions, VA sought the assistance of the Veteran's Health Administration (VHA) in developing criteria that contemplated situations in which a Veteran's hearing loss was of such a type that speech discrimination tests may not reflect the severity of communicative functioning these veterans experienced or that was otherwise an extreme handicap in the presence of any environmental noise, even with the use of hearing aids. VHA had found through clinical studies of veterans with hearing loss that when certain patterns of impairment are present, a speech discrimination test conducted in a quiet room with amplification of the sounds does not always reflect the extent of impairment experienced in the ordinary environment. The decibel threshold requirements for application of Table VIA were based on the findings and recommendations of VHA. The intended effect of the revision was to fairly and accurately assess the hearing disabilities of veterans as reflected in a real life industrial setting. 59 Fed. Reg. 17295 (April 12, 1994). 

Functional impairment due to hearing loss that is compounded by background or environmental noise is a disability picture that is considered in the current schedular rating criteria. Therefore, the Veteran's struggle to comprehend verbal conversations is a factor contemplated in the regulations and rating criteria as defined. The simple fact that the Veteran's hearing disability does not satisfy the numerical criteria for a rating higher than 10 percent under these criteria, to include the criteria specifically designed for the type of real-world impairment experienced by the Veteran, does not place his symptomatology outside of that contemplated by the rating schedule or make application of the rating schedule impracticable in this case. Accordingly, the Board determines that the Veteran's complaints of hearing difficulty have been considered under the numerical criteria set forth in the rating schedule. 

In Martinak v. Nicholson, 21 Vet. App. 447, 455 (2007), the Court held that, relevant to VA audiometric examinations, in addition to dictating objective test results, a VA audiologist must fully describe the functional effects caused by a hearing disability in his or her final report. The Court's rationale in requiring an examiner to consider the functional effects of a Veteran's hearing loss disability involves the potential application of 38 C.F.R.§ 3.321(b) in considering whether referral for an extra-schedular rating is warranted. Specifically, the Court noted, that "unlike the rating schedule for hearing loss, § 3.321(b) does not rely exclusively on objective test results to determine whether a referral for an extra-schedular rating is warranted. The Board has considered the Veteran's statements with regard to his hearing loss, to include those noted in the VA examination records, and finds that his bilateral hearing loss disability does not reflect a picture outside the rating criteria. 

Moreover and importantly, the evidence does not reflect that any of the Veteran's bilateral hearing loss disability has met the second prong of Thun (i.e. marked interference with employment or frequent periods of hospitalization). The Board determines that referral of this case for extraschedular consideration pursuant to 38 C.F.R. 3.321(b)(1) is not warranted. 

Total rating for compensation purposes based on individual unemployability (TDIU)

Finally, the Board is cognizant of the ruling of the Court in Rice v. Shinseki, 22 Vet. App. 447 (2009). In Rice, the Court held that a claim for a total rating based on individual unemployability due to service-connected disability, either expressly raised by the Veteran or reasonably raised by the record, involves an attempt to obtain an appropriate rating for a disability and is part of the claim for an increased rating. The record does not indicate that the Veteran has been unable to maintain substantial gainful employment due to his bilateral hearing loss disability. Thus, the issue of entitlement to TDIU has not been reasonably raised by the record.

ORDER

Entitlement to an increased rating for bilateral hearing loss disability, currently evaluated as 10 percent disabling is denied.

____________________________________________
MILO H. HAWLEY
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs